UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. ROSEMAN,

        Plaintiff,                    Case No. 2:25-cv-12391

v.                                     Honorable Susan K. DeClercq[1]
                                         United States District Judge

1900 CAPITAL TRUST II,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR
TEMPORARY RESTRAINING ORDER (ECF No. 4)**

John L. Roseman, the sole provider for his family of seven, lost his job in November 2018 and had difficulty affording his mortgage in the years after. *See Roseman v. Wells Fargo Bank, N.A.*, No. 22-10054, 2022 U.S. Dist. LEXIS 98210, at *2–4 (E.D. Mich. April 4, 2022). In October 2023, his home was foreclosed on and sold in a "Sheriff's Sale." (ECF No. 1, PageID.4–5.) He says he was later able to "redeem his interest in the Property" and enter into a mortgage loan agreement with 1900 Capital Trust II. (*Id.*) But in January 2025, he says Capital Trust decided

---

[1] The case was assigned to United States District Judge Laurie J. Michelson. However, as the presiding judge in this district, the undersigned is entering this Order on behalf of Judge Michelson based on the information before the Court at this time. This order does not circumscribe the discretion of Judge Michelson to issue any other orders or take any other action in this case, including action based on additional information that the parties may later provide.

it wanted to "have the property vacated in order to market it" and returned his mortgage loan payments. (*Id.* at PageID.6–7.) Capital Trust then initiated eviction proceedings against Roseman in state court, and on July 29, 2025, the state court granted Capital Trust's motion for an order of eviction. (*Id.* at PageID.10.) The eviction is scheduled to take place August 8, 2025. (*Id.*)

Seeking to prevent the impending eviction, Roseman filed this *pro se* suit against Capital Trust on August 4, 2025[2] (ECF No. 1), along with an emergency motion for a temporary restraining order or preliminary injunction (ECF No. 4). While the Court is sympathetic to Roseman's situation, it cannot grant the relief that he seeks. So the motion for a temporary restraining order or a preliminary injunction is DENIED.

I.

Roseman's complaint attempts to "incorporate by reference" the "evidentiary records" of several previous state and federal cases. (ECF No. 1, PageID.4–5.) The Court has access to only some of the records from the proceedings Roseman references, so there are still gaps in the Court's understanding. But the Court will endeavor to recite the facts as it currently understands them from the records available to it.

---

[2] Although the date of filing is August 4, 2025, the Complaint was not docketed until August 6, 2025. (*See* ECF No. 1.)

Roseman alleges that he owns residential property at 24823 Cobblestone Court in Farmington Hills, Michigan ("the Cobblestone House"). (*Id.* at PageID.4.) This property appears to have been the subject of much litigation. *See, e.g.*, *Roseman v. Wells Fargo Bank, N.A.*, No. 22-10054, 2022 U.S. Dist. LEXIS 98210, at *2–4 (E.D. Mich. April 4, 2022); *Roseman v. Adams*, No. 20-12072, 2020 U.S. Dist. LEXIS 138142, at *1 (E.D. Mich. Aug. 4, 2020). In 2021, while facing foreclosure proceedings in state court, Roseman initiated a federal lawsuit against Wells Fargo. *See Roseman v. Wells Fargo Bank, N.A.*, No. 22-10054 (E.D. Mich. Jan. 10, 2021), ECF No. 1. Along with his complaint in that case, Roseman filed an emergency motion for a TRO and/or preliminary injunction. *Id.* at ECF No. 2. The Court denied the motion, finding Roseman did not have a likelihood of success on the merits, *Roseman v. Wells Fargo Bank, N.A*, 2022 U.S. Dist. LEXIS 98210, at *14, and ordered Roseman to show cause as to why his case should not be dismissed for failure to state a claim, *id* at *19. After Roseman's proposed amended complaint failed to cure the deficiencies of his first complaint, the Court dismissed his case. *Roseman v. Wells Fargo Bank, N.A.*, No. 22-10054, 2022 U.S. Dist. LEXIS 185206, at *9–10 (E.D. Mich. May 5, 2022).

It appears that after this case concluded, the Cobblestone House was foreclosed upon and was sold at a "Sheriff's Sale" in October 2023. (ECF No. 1, PageID.5.) After this sale, Capital Trust allegedly "extended an offer for [Roseman]

- 3 -

to redeem his interest in the [Cobblestone House]." (*Id.*) Thus, Roseman and Capital Trust entered into an agreement that required Roseman to make monthly mortgage payments to Capital Trust. (*See id.*) But Roseman alleges that in 2025, Capital Trust "reneged on the arrangement," returned Roseman's mortgage payment, and requested that Roseman vacate the Cobblestone House so Capital Trust could sell it. (*Id.* at PageID.6–7.)

Those events landed Roseman back in court. In November 2024, Capital Trust sued Roseman in Michigan's 47th District Court, seeking his eviction from the Cobblestone House. *See 1900 Capital Trust II v. Roseman*, No. 2024-LT24H1703-LT (Mich. 47th Dist. Ct. Nov. 21, 2024). Roseman asserts that on July 29, 2025, the Michigan District Court Judge granted Capital Trust's motion for an order to evict Roseman and his family on or after August 8, 2025. (ECF No. 1, PageID.10.)

Seeking to prevent his eviction, Roseman filed suit in this Court, asserting eight counts against Capital Trust (though they are misnumbered as nine counts):

| Count | Claim |
|---|---|
| I | Fraud |
| II | Misrepresentation |
| III | Promissory Estoppel |
| IV | Contract Reformation |
| V | Civil Conspiracy |
| VI | [no count VI in Complaint] |
| VII | Slander/Slander of Title/Defamation per quod |
| VIII | Injunctive Relief |
| IX | Race Discrimination in Housing in Violation of the Fair Housing Act |

(*Id.* at PageID.11–22.) At the same time, Roseman filed a motion for a temporary restraining order, seeking a court order that will "stay[] the Michigan 47th District Court eviction order and any other actions of [Capital Trust] and/or its agents and assigns in evicting [Roseman] and his family, or interfering with their possession of the property." (ECF No. 4, PageID.62.)

## II.

Although it appears Roseman attempted to serve Capital Trust with a copy of his complaint and motion for a TRO (*see* ECF No. 5), the United States Postal Service tracking information Roseman provided indicates that the envelope containing these documents was not scheduled to be delivered to Capital Trust until the afternoon of August 7, 2025.[3] And Capital Trust has not yet appeared in this matter. Thus, Roseman is proceeding *ex parte* on his motion—that is, without written or oral notice to the adverse party.

Federal Rule of Civil Procedure 65(b)(1) governs *ex parte* motions for temporary restraining orders. It states that courts "may issue a temporary restraining order without written or oral notice to the adverse party" only when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[3] The Court reserves judgment on whether this constitutes proper service of process on Capital Trust, a banking association, under Federal Rule of Civil Procedure 4 and Michigan Court Rule 2.105. *Cf. Burniac v. Wells Fargo Bank, N.A.*, No. 13-12741, 2013 U.S. Dist. LEXIS 176616, *9–12 (E.D. Mich. Dec. 17, 2013).

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

Roseman has not complied with the second requirement. Although Roseman filed this motion for a TRO on Monday, August 4, he made no efforts to notify Capital Trust of the motion before Thursday, August 7 (when the USPS envelope was scheduled to be delivered), nor has he explained why he should not be required to notify Capital Trust of the motion. (*See* ECF No. 4); *see also Wiggins v. Nationstar Mortg. LLC*, No. 14-CV-12680, 2014 WL 3400911, at *1 (E.D. Mich. July 10, 2014). Roseman's motion for a TRO could be denied on this procedural failure alone. *See Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying motion for temporary restraining order and explaining that such motions "must be denied" if Federal Rule of Civil procedure 65(b)(1)(B) has not been satisfied) (collecting cases).

But even if Roseman had complied with the procedural requirements of Civil Rule 65(b)(1), his motion for a TRO would still be denied on the merits. *Cf. Am.-Arab Anti-Discrimination Comm. v. U.S. Dep't of Homeland Sec.*, No. 23-12436, 2023 U.S. Dist. LEXIS 198276, at *6 (E.D. Mich. Sept. 27, 2023) ("Though the Court is unconvinced that Plaintiffs have met [Rule 65(b)(1)(B)'s procedural]

requirements, due to the emergency nature of the filings and on the limited record before it, the Court will briefly address the merits.").

Recall that Roseman's complaint asserts several fraud and contract claims against Capital Trust, as well as a claim of race discrimination under 42 U.S.C. § 3601. (*See* ECF No. 1.) Yet his motion for a TRO seeks to stay a state court order in a proceeding in which Capital Trust sued Roseman. (*See* ECF No. 4.) And this Court may not grant such relief.

Indeed, under the *Rooker-Feldman* doctrine, "federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)). To be sure, "[t]his Court can neither enjoin a state court from proceeding with a case that is properly within its jurisdiction, nor can it reverse the decisions of that court and stay their execution." *Hart v. Bond*, No. 14-205, 2014 WL 3532908, at *3 (N.D. Ohio July 15, 2014); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").And although Roseman's complaint may assert independent causes of action (*see* ECF No. 1), his request for a TRO clearly—and only—seeks to "stay[] the Michigan 47th District Court eviction order" (ECF No. 4,

PageID.62). This Court, however, may not grant such relief. *See Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 873 (E.D. Mich. Oct. 28, 2010) ("Plaintiff lost a state court foreclosure and possession action, and the state court entered an order of eviction against him. Any of Plaintiff's current claims which seek to disturb the state court judgments of foreclosure, possession, or eviction, are subject to the *Rooker-Feldman* doctrine.").

III.

Accordingly, it is **ORDERED** that Roseman's Motion for an Emergency TRO (ECF No. 4) is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge,
*presiding on behalf of*
LAURIE J. MICHELSON
United States District Judge

Dated: August 8, 2025