UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROSEMAN,

    Plaintiff,

v.

1900 CAPITAL TRUST II, BY U.S.
BANK TRUST NATIONAL
ASSOCIATION,

    Defendant.

Case No. 25-12391
Honorable Laurie J. Michelson

---

**ORDER DENYING WITHOUT PREJUDICE MOTION TO VACATE
CLERK'S ENTRY OF DEFAULT [24]**

---

After his house was foreclosed upon and sold, Plaintiff John Roseman says he entered into an agreement with Defendant, 1900 Capital Trust, to redeem his interest in the house by making monthly payments. (ECF No. 1, at PageID.5.) But according to Roseman, 1900 Capital Trust wrongly "reneged on the arrangement," and forced him to vacate the house. (*Id.* at PageID.6–7.) Proceeding *pro se*, Roseman filed a complaint alleging various contract and tort claims (*id.* at PageID.11–16) and requested an emergency temporary restraining order to stop his eviction (ECF No. 4), which the Court denied (ECF No. 7).

With no appearance or answer from Defendant, Roseman requested an entry of default against 1900 Capital Trust, which the Clerk's office entered.[1] (ECF No. 12.)

---

[1] The Clerk entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) (ECF No. 12), but with no sum certain it could not grant Roseman's request for a default judgment under Rule 55(b)(1) (ECF Nos. 14, 16). As

Roseman also filed a motion for default judgment which is pending before this Court. (ECF No. 21.) Shortly after his motion was filed, 1900 Capital Trust appeared and filed a motion to vacate the clerk's entry of default (ECF No. 24), arguing only that it was not properly served. But service was proper, so the Court will DENY 1900 Capital Trust's motion to vacate.

## I.

Due process requires that "if service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), *overruled in part on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411, 142 (2022); *see also Faber v. PNA Transp., LLC*, No. 19-00849, 2024 U.S. Dist. LEXIS 94820, at *4 (N.D. Ohio May 29, 2024) ("[I]f service of process was improper, the court lacks jurisdiction, which makes the default judgment void, and the court must grant relief from the judgment."). The parties dispute whether 1900 Capital Trust was properly served.

## A.

Service must be proper under the relevant federal or state rules. And those rules depend on the type of entity to be served. While neither party gives a definitive answer as to the entity status of 1900 Capital Trust, their representations seem to suggest it is a corporation. (ECF No. 1, PageID.2 (describing 1900 Capital Trust as a

---

the Court explained in a subsequent order (ECF No. 18, PageID.172), when the damages sought are not for a sum certain, only the Court has the authority to grant a default judgment, not the Clerk's office, *see* Fed. R. Civ. P. 55(b)(2).

corporation located in Maryland); ECF No. 24, PageID.211–212 (citing cases and rules on serving corporate entities).)

Starting with the federal rules, service on a corporation may be effectuated:

by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process *and*—if the agent is one authorized by statute and the statute so requires—*by also mailing* a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).

Roseman attempted service by mail to Michael Niccolini, 1900 Capital Trust's registered agent,[2] and by email to Robert Kingoo, 1900 Capital Trust's legal counsel in a related lawsuit.[3] (ECF No. 21, PageID.200; *see* ECF No. 5, PageID.78–80.) But those efforts did not comply with the rule because the documents must be "deliver[ed]" and "also mail[ed]." Fed. R. Civ. P. 4(h)(1)(B). To deliver means "personally serving a copy of the summons and complaint."[4] *Lu v. SAP Am., Inc.*, No.

---

[2] While Defendant did not provide confirmation (ECF No. 24, PageID.210), Niccolini appears to be 1900 Capital Trust's registered agent in Maryland, *see Business Entity Results for 1900 Capital Trust II: S18922765*, Md. Bus. Express, https://perma.cc/MTT5-6H26.

[3] Kingoo likely does not qualify as an agent authorized to receive service without additional "evidence that [1900 Capital Trust] intended to confer upon [him] the specific authority to receive and accept service of process for the defendant." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) (citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097, at 536–39 (2002)); *see also Tindle v. Xenos*, No. 09-14826, 2010 WL 4739787, at *2 (E.D. Mich. Nov. 16, 2010) ("Every federal circuit that considered this issue determined that a defendant's attorney 'will not be deemed an agent appointed to receive process,' absent the submission of facts by the plaintiff that plainly show the defendant had a contrary intent.").

[4] The Court notes that only a non-party to the case may deliver a copy of the summons and complaint. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is . . . *not a*

22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022). In other words, a plaintiff cannot effectuate service under Federal Rule of Civil Procedure 4(h) by only mailing documents. *See Etherly v. Rehabitat Sys.*, No. 1311360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013) ("Rule 4(h)(1)(B) does not authorize service of process by mail; it requires mailing combined with personal service of the agent."). Nor does the rule permit service via email. *See England Logistics, Inc. v. Alma Prods. I, LLC*, No. 24-13099, 2025 WL 1939120, at *1 (E.D. Mich. Jan. 31, 2025) (explaining that email is not a proper method of service under Rule 4).

So Roseman did not comply with Federal Rule of Civil Procedure 4(h)(1)(B). But subsection (h)(1)(A) provides that service may also be effectuated "[i]n the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e)(1), a plaintiff may "follo[w] state law . . . where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This Court is located in Michigan and service was attempted in Maryland. (ECF No. 5.) So service would be proper under either state's rules.

Starting with Michigan, the state rules do not permit service by mail or email. (*Compare* ECF No. 5, PageID.79), *with* Mich. Ct. R. 2.105(D)(1)–(3); *see also Lu*, 2022 WL 13983546, at *4 (holding that the plaintiff "failed to comply with subsections (1)–(3) [of Michigan Court Rule 2.105(D)], which . . . require *personally* 'serving a summons and copy of the complaint' on an authorized individual or entity" (emphasis

---

*party* may serve a summons and complaint." (emphasis added)), So Roseman, as the plaintiff, may not personally deliver the documents himself.

4

in original)). And while Michigan Rule 2.105(D)(4) permits service by registered mail in some circumstances, such as when the corporation failed to maintain a registered agent, officers, or corporate existence entirely, Roseman has not made that showing here. (*See generally* ECF No. 21.)

That leaves service under Maryland law. And Maryland generally permits service of a corporation by mail. *Moment v. Enter. Car Rental Corp.*, No. 23-03505, 2024 WL 4349728, at *4 (D. Md. Sept. 30, 2024) ("[U]nder . . . Maryland . . . law, service on corporations may be accomplished by mail."). The state rule allows service "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.' Service by certified mail under this Rule is complete upon delivery." Md. R. 2-121(a). Roseman mailed the documents to Niccolini, Defendant's registered agent, via certified mail and with Restricted Delivery. (*See* ECF No. 5, PageID.80 (photo of USPS receipt listing Michael Niccolini as the recipient and specifying restricted delivery).) And entering the tracking numbers (*see id.*) into the USPS website shows that the mail was delivered in Maryland, *USPS Tracking: 70040750000414250728*, U.S. Postal Serv., https://perma.cc/MNG5-UJ95, and the associated return receipt was returned to the sender in Michigan, *USPS Tracking: 9590940290064122950286*, U.S. Postal Serv., https://perma.cc/45TV-37J2.

This complied with Maryland rules for serving a corporation.

5

## II.

Defendant's motion to vacate did not acknowledge Maryland law. Nor did it make other arguments for why the Court should set aside the default other than improper service. As service was proper under Maryland law, the Court DENIES without prejudice 1900 Capital Trust's motion to vacate the Clerk's entry of default.

SO ORDERED.

Dated: December 8, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
